FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 MAR 13 PM 2: 22
CLERK *L. LaVictoire*
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMAL DEMON MEANS, :
:
    Petitioner, :
:
vs. : CIVIL ACTION NO.: CV205-211
:
JOSE VAZQUEZ, Warden, :
:
    Respondent. :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jamal Means ("Means"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Means filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

### STATEMENT OF THE CASE

Means was convicted after a jury trial in the Northern District of Alabama of: conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; distribution of controlled substances, in violation of 21 U.S.C. § 841; using a communication facility, in violation of 21 U.S.C. § 843; and distribution of a controlled substance near a school, in violation of 21 U.S.C. § 860. Means was sentenced to 360 months' imprisonment and ten years' supervised release. (Pet., p. 2.) He filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Means, 156 F.3d 185 (11th Cir. 1998) (Table). Means filed a motion to vacate

AO 72A
(Rev. 8/82)

his sentence pursuant to 28 U.S.C. § 2255 based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000). The Northern District of Alabama District Court dismissed Means' motion as time barred. Means appealed this decision, and the Eleventh Circuit Court of Appeals denied him a certificate of appealability. (Pet., p. 6; Mot., p. 2.)

In the instant petition, Means contends that his Fifth and Sixth Amendment rights were violated because the drug type, drug quantity, firearm possession, and managerial role in the conspiracy were facts used to establish his sentence which the jury did not find to be true beyond a reasonable doubt. Means asserts that his sentence violates <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Means also asserts that he is actually innocent of his sentence because the jury's verdict was general in nature and did not take into consideration the facts of the case.

Respondent avers that Means' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Means has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and <u>Booker</u> do not apply retroactively to cases on collateral review. (Mot., p. 3.)

### DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.

2

§ 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Means has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because the Northern District of Alabama District Court incorrectly determined that his motion was time barred. (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Means bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Means was sentenced in the Northern District of Alabama on May 29, 1996, and his conviction and sentence were affirmed on August 7, 1998. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Means to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite his contention to the contrary.

4

Means improperly relies on Dodd v. United States, ___ U.S. ___, 125 S. Ct. 2478, 162 L. Ed.2d 343 (2005), to support his assertion that the remedy afforded under section 2255 is inadequate or ineffective. In Dodd, the Supreme Court stated that an applicant has one year[2] from the date on which the right he asserts was initially recognized by the Supreme Court in which to file a section 2255 motion, pursuant to ¶6(3) of that statute. Dodd, ___ U.S. at ___, 125 S. Ct. at 2482. However, the Supreme Court reasoned that a petitioner cannot take advantage of this date unless the other conditions of this statute were also met, i.e., this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review. Id. The Eleventh Circuit Court of Appeals has determined that Booker does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).

Means has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Means brought these same claims, which were based on the Supreme Court's decision in Apprendi, in his § 2255

---

[2] According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶6.

AO 72A
(Rev. 8/82)

motion. Simply because the Northern District of Alabama Court dismissed this motion as time barred does not render section 2255's remedy inadequate or ineffective. Means has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Accordingly, it is not necessary to address his actual innocence claim. See id. at n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

Means cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Means is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and Means' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)