IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMAL DEMON MEANS,

    Petitioner,

vs.                                    CIVIL ACTION NO.: CV205-211

JOSE VAZQUEZ, Warden,

    Respondent.

### ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Means asserts that the Magistrate Judge failed to address his claim made pursuant to In re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed.2d 368 (1970). Means also asserts that he satisfies the savings clause of 28 U.S.C. § 2255 because Winship has been declared retroactively applicable, he was convicted of a non-existent offense because all of the facts used to convict him were not found beyond a reasonable doubt, and circuit law foreclosed his claims at the time they should have been raised previously. Means contends that his claims that a jury should have determined drug type, drug quantity, and his leadership role involved "sentencing factors" which could not have been brought on an earlier occasion. Means alleges that he filed the instant petition within one year of the decision announced in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), and therefore, his petition is timely under Dodd v. United States, ___ U.S. ___, 125 S. Ct. 2478, 162 L. Ed.2d 343 (2005), and 28 U.S.C. § 2255, ¶6(3).

AO 72A
(Rev. 8/82)

As the Magistrate Judge stated, Means raised his claims on a previous occasion, and the sentencing court determined that his claims were time barred. This does not render section 2255's remedy inadequate or ineffective. In addition, Dodd does not provide the relief Means seeks. While the Supreme Court found that an applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court in which to file a section 2255 motion, pursuant to ¶6(3) of that statute, this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review. Dodd, ___ U.S. at ___, 125 S. Ct. at 2482. The Eleventh Circuit Court of Appeals has determined that Booker does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Thus, the statute of limitation period provided by § 2255, ¶6(3) is inapplicable.

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 7) is **GRANTED**. Means' petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this 12 day of May, 2006.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2

AO 72A
(Rev. 8/82)